## S. GARRETT *v.* G. PHILLIPPS.

### Forcible Entry and Detainer—Warrant—Sufficiency of—Proper Party.

The objection to the warrant is that the proper party is not suing as plaintiff, that the warrant was in the name of Lucy Garrett, when Sanford Garrett should have been the plaintiff.

The traversee bond was executed to Sanford Garrett, trustee of Lucy Garrett as plaintiff, and if he was not the plaintiff appellee had no case in court, as the bond must be given to the traversee. The appellant selected his adversary and to him he gave the bond and he is thereby estopped to deny that the finding was for appellant, in the country.

### Estoppel—Sureties on Sheriffs Bonds, Forthcoming Bonds and Obligors in Notes.

In a suit on a sheriff's bond the defendants are estopped by their own acknowledgment in the bond, from denying that the person described therein was sheriff at the date of the bond. In a suit upon a forthcoming bond for goods attached, the obligors are estopped from denying admissions in the bond, as controverting their existence.

RESPONSE TO PETITION FOR RE-HEARING.

November 1, 1871.

OPINION BY JUDGE PETERS:

We are asked in a most elaborate petition for a rehearing by counsel for appellee to review the opinion delivered in this case, for various errors found therein as the learned counsel believes, and to take the opinion back. The *first* and main ground relied upon for a rehearing is, that the warrant is insufficient, and the court below should have quashed it, and as the verdict and judgment are right this court should not disturb them. The objection to the warrant seems to be that the proper person is not suing as plaintiff, that the warrant is sued out in the name of Lucy Garrett, when Sandford Garrett should have been the plaintiff. That objection was argued by the learned counsel in his brief on the hearing, and in replying to that argument, this court said in the opinion delivered, that the traverse bond was executed to Sanford Garrett, trustee of Lucy Garrett as plaintiff, and if he was not plaintiff, appellee had no case in court. In reply to that it is said in the petition that it was not the duty of appellee to prepare bond, and if it was insufficient it was the duty of the court below to have had a sufficient one prepared and executed, upon the fact being made known. If that position be conceded, the question is how does it benefit appellee? He did not inform the court of the insufficiency of the bond, and move to have it corrected. It certainly was not the duty of the court *sua sponte* to do so. But the bond was not defective within the meaning of section 753 of Civil Code. By section 511, a party in a proceeding of this kind who conceives himself aggrieved by the finding of the jury, may file a traverse with the justice within three days after the finding aforesaid, in the manner therein prescribed, and within the same time give bond with sufficient surety to be approved by the justice to his adversary, etc. He selected his adversary, and to him he gives his bond. The traversee necessarily must be the person to whom the bond is executed, and if it be to the wrong person it is the duty of the traversor before the trial in the circuit court to move to have the bond corrected and if he failed to do so, it is too late to say

in this court that he had a right to amend that bond, or to execute a new one. If he had such right, a question we do not now decide, he certainly waived it, and the case must be tried here as it is presented by the record.

As then the traverse bond was executed to Sandford Garrett as traversee, he must be regarded as such by this court, and this appeal was properly prosecuted by him.

But is not appellee estopped by his bond to deny that the finding was for appellant in the country?

In a suit on a sheriff's bond the defendants are estopped by their own acknowledgment in the bond, from denying that the person described therein was sheriff at the date of the bond. In a suit upon a forthcoming bond for goods attached, the obligors are estopped from denying admissions made in the bond, or controverting their existence. Herman's Law of Estoppels, Secs. 249, 250. It has been repeatedly held by this court that a person who executes a note to a body, recognized in the writing as a corporation, is estoopped to deny that such a corporation exists. All upon the principle that no one shall be allowed to deny what he has in so solemn a manner as by a writing admitted to be true. It seems therefore upon unquestioned authority appellee must stand by his admission in his bond in this case and the opinion must be adhered to.

Petition overruled.

*Turner, for appellant.*

*Apperson, for appellee.*